Thank you. Okay. Case number 181579, United States v. Hagen. Good morning. Good morning. Oh, hold on a second. Good afternoon. Good afternoon, Your Honors. My name is Colleen Ramay, and I represent Defendant Appellant Mandy Hagen in this appeal. Mandy Hagen is precisely the type of defendant that the safety valve provision is designed for. Prior to this current conviction, Ms. Hagen's only criminal history involved two misdemeanor convictions for failing to consistently make sure that her children were present at school. For these convictions, Ms. Hagen ended up serving no jail time. In this case, however, the district court never considered a safety valve departure because it erroneously ruled that these two prior convictions for the Illinois State offense of guardian allows child truancy counted for criminal history points under Section 4A.1.2.C of the guidelines. Today, we are asking this court to hold that this was error, that under Section 4A.1.2.C, Ms. Hagen's guardian allows child truancy convictions are similar to the listed misdemeanor convictions or offenses. Where in the record did Ms. Hagen preserve her broader claims under Section 4A.1.2? Is she asserting that by making one argument under that section, she preserved all arguments related to that section? Your Honor, in Ms. Hagen's sentencing memorandum, the specific objection was worded, stated that, quote, the truancy-related offenses filed in St. Clair County are sufficiently similar to the stated offenses that do not count for criminal history points. That was in the sentencing memorandum, which is Record 262. Okay, thank you. Counsel, can I ask you a question? Yes. So you focus on truancy and the similarities of this offense to truancy. I wanted to ask you about non-support. So non-support is in Section 1. Yes. And non-support, I mean, do you think that this could be analogized to non-support? I do, Your Honor. There are clear analogies when you look at the victims. I know opposing counsel has suggested that this is distinguishable from the listed offenses because they are largely victimless offenses. But non-support is a prime example of an offense that not only has a victim but has the same victim as guardian allows child truancy. And in some respects a more serious consequence for the child. Certainly. Let me give you another one. Under Illinois law, improper supervision of a child is a petty offense that carries a fine of $25. I'll read you what it includes. A parent, legal guardian, et cetera, commits improper supervision of a child when he knowingly permits a child in his custody or control under age 18 to associate with known thieves, burglars, felons, narcotic addicts, or other persons of ill repute, visit a place of prostitution, commit a lewd act, commit an act tending to break the peace, or violate a municipal curfew ordinance. So that one wouldn't count. So I'm thinking about truancy. Right. And we recognize that this isn't a pure truancy offense. Right. For all the reasons the district court found, it didn't count as truancy. But exactly, Your Honor. This is highly analogous to that petty offense. And as we've seen, as I explained in the brief, the states across the country treat this type of offense in very different ways. Some of them make it a misdemeanor offense, and some of them it's not even an offense. And so it's highly inconsistently punished. And so one argument that the government made was that the fact that the offense in this case was brought to court, and that Ms. Hagan was convicted, suggests that it must have been a very serious offense because it is so infrequently prosecuted. But this, to me, is just an example of luck of the draw. Ms. Hagan happened to live in an area of Illinois, and maybe of the country, where the local prosecutor decided that this was a serious problem, and decided to prosecute these cases. And there is evidence of that that I cited in my brief, in terms of just public records and newspaper reports. So when we look at the gravity of the offense, when we apply the common-sense approach that the guidelines instruct us to, this offense does not suggest that the offender will engage in recurring criminal conduct. This offense is not harshly punished under the statutory scheme. Guardian allows truancy is a Class C misdemeanor, but it's capped at 30 days imprisonment and a $500 fine. But the fine cap is even lowered from your standard Class C felony. I'm sorry, Class C misdemeanor, excuse me. And this is lower punishment than several of the other offenses listed here. We also have the fact that this was not a particularly harshly punished, even under this relatively minor sentencing scheme. Ms. Hagen received a sentence on each of these, of two and four days in jail or in prison, but never had to serve them. They were suspended, and she successfully completed her supervision. Finally, it all sort of wraps in together, but this does not reflect a greater level of culpability than, for example, non-support or resisting a peace officer or several of the other offenses. Factually, it was tied to her addiction, and legally, while clearly there is some disregard for her legal obligations, it cannot be said that this is more blatant or flaunting of the law than something like resisting a police officer or driving with a suspended license or several of these other things. If there are no other questions, I'll reserve the remainder of my time for rebuttal. But we do ask this court to reverse. Thank you. Hello, Mr. Norwood. Good morning. Excuse me. Good afternoon, Dr. O'Hara. And may it please the court and counsel. This is an interesting case. It was not my case below, and I have adopted it on appeal for my colleague. It's an interesting case, but the government believes that the convictions should account. And I think one thing that's important, there was discussion about this not being a recurring, her engaging in recurring criminal conduct. She did in this particular case. I think one thing that's really important about this statute that she violated was that she has to get notice of it first before she can even be charged with it. Under the elements of the crime of guardian law and truancy, there has to be notice to her by the state that your children are being truant, you are not taking care of them, you need to get them to school, and then there's a violation. But there's also a knowledge requirement in the two statutes that I read to your opposing counsel here. So it doesn't seem like notice is determined. There's notice in many of the other offenses listed in the guidance. No, I mean actual notice that you are breaking the law and you need to comply with the law as opposed to just a knowledge and willingness. And then not only she was given notice twice, because obviously she violated the same crime twice, and then moved her children to a third school district and violated there, or there was an issue, I'm not saying she violated, but there was an issue with her attending the third school with a child. Here's what bothers me. She ends up in criminal history category three. Wow. Based on two misdemeanors that resulted in sentences totaling six days in jail. And even those sentences were stayed. So, I mean, if common sense is the guiding principle here, where's the common sense? It seems pretty crystal clear that Illinois doesn't seem to treat these offenses as all that serious, or certainly as serious crimes. And, you know, when I looked at it globally, it seemed to me that the sentences were efforts to mildly coerce struggling parents to get their act together. Well, there's a lot in there. I know. It's my speech. I appreciate it. My closing argument. Well, there's a lot in the question, and I'll try to cover all the bases. One, with respect to, there was a suggestion I think you made that the criminal history category three probably overrepresented her dangers. Yeah. And I think even the government acknowledged that a downward variance was probably appropriate in this case, and I think the judge did, too, as well as defense counsel. So this wasn't a case of the government saying, you have three criminal history points, you are as bad as somebody who has been to prison for X number of years and would be in the same category. The government acknowledged that and tried to fashion a sentence which the government believed was reasonable, taking into account that this might be an overly harsh criminal history category. As far as whether other states treat this as a serious offense or not, or other people, I guess that's a matter for debate. I think, and I guess I'm just maybe a little different than most people, I think it's a very serious offense. These are 5- and 7-year-old kids that you are responsible for bringing up in this world and making sure they're responsible citizens and making sure that they have an education to be able to provide for themselves in this world. And you've received notice that they're not getting that, and you continue to flaunt the law. And I think... What distinguishes it from the non-support offense? Well, that was a good question. None of that was raised below, obviously. The only issue was whether it was truancy. That's a very good question. I'm not sure if I know if there is a difference. There is a difference in... I guess the only thing I could say off the cuff, and please, is that the... Be careful. I know. That's why I'm trying to be very careful. But this clearly goes directly to the children's education. Support goes to providing for the children and getting them clothes and food and everything else, which is crucial. But this also is directly affecting the children even more than that because it's preventing them from getting an education. Yeah, but really, I mean, treating a... I think all three of us have the very same question. To treat a parent's failure to get children to school, are we supposed to treat that more seriously than a parent's failure to provide any financial support for a child? I don't know. I understand the court's concern. Yeah. I just... The government believes... Well, the government believes both of them are serious. But I think also when you're looking at the non-support, I think the analysis is plain error. I don't think that this was raised below, and therefore your analysis is plain error. And was it plainly... Was the error plain and obvious that the district court missed this non-support versus this comparison with non-support? We can only consider this argument related to truancy and the distinction between juvenile truancy and... Correct, Your Honor. That was the entire argument below. And anything that expands upon that, especially different sections, it's the same guideline but a different section of the guidelines. The government believes it's plain error. You know, I looked to see if there was any... whether there was a single case in the United States where a defendant got criminal history points for the crime of failing to bring a child to school, and I couldn't find any, and there are 40 states with similar laws. So, you know, if there are any, they're hidden somewhere. Well, maybe those parents all get their act together, get their children to school, and are never prosecuted for it. This case was a repeated offender who just failed to do that, and a message had to be sent to her. It wasn't only her. It was a number of other individuals in that particular county who were cited for this offense. Well, I mean, we have to look at the actual conduct, too. So she had one child with 21 unexcused absences, another with 18. Yes, Your Honor. It's not like she had them out of school for even a month, or didn't send them to school. I don't want to put the number of absences that would then change it from... that would say, now it's really serious. I would suggest that I don't have kids, but I assume there's like a 180-day school year approximately, 180 days of school. If you're missing 21 days, that's over 10%, almost 15%. But it's counted as an absence. Tardiness can make it count as an absence, too. Your Honor, I'm not sure whether the kids were... I don't know if it's even in the record where the kids were tardy or absent. Here's an expert. Let me tell you. I am not expert in my kids being truant, though. Boy, I never thought I'd be in this court discussing that. But the government does, the government stands by its position that it thinks that this is a serious crime. It does think that this is something that is very important. And just because other people don't, the government would respectfully disagree. I mean, I was reading the Burge case last night, and that was about a llama that walked off the property, and the person got criminal history points and ended up with a 10-year mandatory minimum versus a 2-year sentence. Okay, I can understand the missing llama may not be a serious offense, but this is a far cry from that. The government believes it's very important, and the government, again... But the analysis is not whether the offense is serious in absolute terms. It's whether it's similar to those that are listed in the guidelines, such that it ought not be counted. Absolutely, Your Honor. And I'm not saying the court doesn't believe this is a serious offense. I think the court does believe that the education of our children is a very serious issue. I don't mean to say that. No, no. But what I mean to say is... Just like paying child support is important. Well, as a prosecutor, all these laws are important, and everybody should follow all of them. But fishing without a license is different than not getting your children to school. But I guess the bottom line... Oh, I lost my train of thought. The bottom line, for everything outside of truancy, though, the government still believes plain error applies. And I think the court has to look at the comparison to non-support, or there was a statute that I had never even heard of, the improper supervision statute, under the rubric of plain error. And was this an error that was so obvious that Judge Gilbert had to basically discover it on his own, because it was not raised by the defense and it was not raised by the government, these comparisons. And was it so plain and obvious, and basically it takes a first impression involving this particular statute, that the judge should have found that. And the government submits it's not. If you believe it is error, it still has to be plain and obvious. And the government doesn't believe it was in this case. Have I answered all the questions? Yes. Thank you, it's been a pleasure. And so nicely. Well, I try to be nice, Judge. I've been accused of being less than honest. No, no. And you're nice, too. Thank you, Your Honor. I just wanted to touch on a couple of things that opposing counsel brought up. First of all, with respect to this idea that the fact that Ms. Hagen engaged in, continued to fail to appropriately supervise her children in terms of getting them to school. And therefore, these convictions show recurring criminal conduct or a propensity towards recurring criminal conduct. Is, in my opinion, putting the cart before the horse a little bit. I may be mixing my analogies. But the point is that when you're looking, the government's argument relies on looking at things in hindsight. And what I believe the test here wants us to look at is, what does this conviction show about some sort of more serious propensity towards criminal conduct? And not only, I mean, first of all, it doesn't really make sense because someone who maybe has prostitution convictions, multiple prostitution convictions, could be said to be more inclined to engage in repeated criminal conduct in terms of a propensity to continue to commit prostitution. Well, none of those offenses would be counted. So just because there's more than one of them should not be a determining factor here. Additionally, in terms of the standard of review, under this court's precedent, when an argument is raised in the trial court and the court rules on it, even if that argument is further fleshed out on appeal, it's still appropriate for this court to consider the argument de novo. Well, this is really a different argument, though, is it not? Because the sole point being advanced in the district court was that this was similar to truancy listed in sub C2. I mean, that was the laser focus, and that's all Judge Gilbert ruled on. Yes. Well, Judge Gilbert did mention somewhat of a comparison to some of the other, at least some of the violations in subsection 2, C2. But I agree, Your Honor, that that was by and far and away the focus in the trial court. My argument is that there was the objection made under subsection C, at least under C2, but that this doesn't count. And that our waiver principles and forfeiture principles are construed in favor of the defendant. However, even if this court rules that plain error review is appropriate, because this stands as such, this offense is so similar to the offenses listed in subsection C, that this court should find the error was plain, and because of the effect it had on the guidelines and any potential availability of the safety valve provision, this court should exercise its discretion to vacate the sentence in the district court and remand for resentencing. Are there any further questions? I see I'm out of time. All right. Well, thank you both very much. Thank you, Your Honor. Have a good trip back, and the case will be taken under advisement. Appreciate it.